**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)
*[Enter your name, address and telephone number]*

PAUL GAUER ATTORNEY
347 FRANKLIN STREET
BLOOMFIELD, NJ 07003
(973) 743-7050

Attorney for Debtor

| | |
|---|---|
| In Re: *[Enter the debtor's name(s)]* | Case No.: **18-19823** *[Enter the case number]* |
| Alphons N. Okoro | Chapter: **13** *[Enter the chapter; example: 13]* |
| | Hearing Date: *[Enter the hearing date]* |
| Debtor | Judge: **JKS** *[Enter the Judge's last name]* |

## NOTICE OF MOTION TO

*[Enter the relief sought]* **APPROVAL of MORTGAGE MODIFICATION**

*[Enter your name]* **Paul Gauer Atty** has filed papers with the court to *[Enter the relief sought]* **Request APPROVAL of Mortgage Modification**.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the court to grant this motion, or if you want the court to consider your views, you or your attorney must file with the clerk at the address listed below, a written response explaining your position no later than 7 days prior to the hearing date.

Hearing Date: **August 27, 2020** *[Enter the date of the hearing]*
Hearing Time: **10:00 am** *[Enter the time of the hearing]*
Hearing Location: **US Bankruptcy Court** *[Enter the location of the hearing]* **50 Walnut Street, 3rd floor Newark, NJ 07102**
Courtroom Number: **3D** *[Enter the courtroom number]*

If you mail your response to the clerk for filing, you must mail it early enough so the court will receive it on or before 7 days prior to the hearing date.

You must also mail a copy of your response to: Chapter 13 Trustee Marie Ann Greenberg, 30 Two Bridges Rd., Ste 130, Fairfield, NJ 07004
*[Enter the trustee's name and address]*

*[Enter the name and address of all other parties who will be affected by this motion]*

AND TO:
PAUL GAUER ATTORNEY
347 FRANKLIN STREET
BLOOMFIELD, NJ 07003
(973) 743-7050

If you, or your attorney, do not take the steps outlined above, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: July 25, 2020
*[Enter the date this document is signed]*

Signature *[Of the party seeking relief]*
PAUL GAUER ATTORNEY
347 FRANKLIN STREET
BLOOMFIELD, NJ 07003
(973) 743-7050

**UNITED STATES BANKRUPCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-2(c)

**PAUL GAUER ATTORNEY**
347 Franklin Street
Bloomfield, NJ 07003
(973) 743-7050 Fax: (973)-743-9173
Attorney for debtor

Case No: 18-19823 JKS

**In Re:**
ALPHONS N OKORO

Chapter 13

Judge: John K Sherwood

Debtor

## STATEMENT AS TO WHY NO BRIEF IS NECESSARY

In accordance with D.N.J. LBR 9013-1(a) (3), it is respectfully submitted that no brief is necessary in the court's consideration of this motion, as it does not involve complex issues of law.

Date: July 25, 2020

Signature- Paul Gauer Attorney

**UNITED STATES BANKRUPCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-2(c)

**PAUL GAUER ATTORNEY**
**347 FRANKLIN STREET**
**BLOOMFIELD, NJ 07003**
**(973)743-7050 Fax (973) 743-9173**
Attorney for Debtor:

Case No: 18-19823-JKS

Chapter 13

In Re:

**Alphons N Okoro**

**Debtor**

## CERTIFICATION IN SUPPORT OF MOTION TO APROVE MORTGAGE MODIFICATION for REAL ESTATE at 11 Pilgrim Court, Bloomfield, NJ 07003

1. Debtor filed this bankruptcy May 15, 2018.
2. Mortgage modification plan was confirmed on August 27, 2018.
3. Loan Modification agreement attached hereto was approved by lender, debtor and his spouse after successfully completion of trial modification period.
4. Therefore debtor now requests court approval

**I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.**

Date: July 25, 2020

Paul Gauer, Attorney

After Recording Return To:
Rushmore Loan Management Services LLC
1755 Wittington Place Ste. 400
Farmers Branch, TX 75234
1-888-504-6700

This Document Prepared By:
KIRK DUNAR
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, California 92618
Phone: _____

_____ [Space Above This Line For Recording Data] _____
Original Loan Amount: $463,850.00
Loan No: 7602127367

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 5th day of February, 2020, between LINDA OKORO AND ALPHONS OKORO, WIFE AND HUSBAND ("Borrower") and Owner, by and through Rushmore Loan Management Services LLC, as current servicer and agent, whose address is 1755 Wittington Place Ste. 400, Farmers Branch, TX 75234 ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated August 31, 2007 and recorded in Book/Liber 12086, Page 6183, Instrument No: 7114288, of the Official Records of ESSEX County, NJ and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
11 PILGRIM COURT, BLOOMFIELD, NJ 07003,
(Property Address)
the real property described being set forth as follows:

AS SET FORTH IN THE MORTGAGE

Tax Parcel No.: 070200752 00051

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **February 5, 2020**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $380,000.00, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

*7602127367*

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - New Jersey        Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center  © 8655 06/14                                                                  (page 1 of 5)

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 6.750%, from January 1, 2020. Borrower promises to make monthly payments of principal and interest of U.S. $2,706.62, beginning on the 1st day of February, 2020, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 6.750% will remain in effect until principal and interest are paid in full. If on March 1, 2043 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of

          law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)     Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)     All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)     Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)     Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

          Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

          By checking this box, Borrower also consents to being contacted by text messaging [ ].

6. Notwithstanding anything to the contrary contained in this Agreement, if a discharge has been granted, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
**LINDA OKORO** -Borrower

_____ (Seal)
**ALPHONS OKORO** -Borrower

_____ [Space Below This Line For Acknowledgments] _____
State of New Jersey

County of _Essex_    ss

I certify that on this __15__ day of __April__, 20_20_,

_Linda Okoro_
_Alphons Okoro_

personally came before me and acknowledged under oath, to my satisfaction, the he (she) is named in and personally signed this document; and delivered this document as his (her) act and deed.

NOTARY PUBLIC

**PAUL GAUER**
*NEW JERSEY ATTORNEY*
347 Franklin Street
Bloomfield, NJ 07003
(973) 743-7050

My commission expires:

Origination Company: **Rushmore Loan Management Services LLC**
NMLSR ID: **185729**

*76021 27367*
LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - New Jersey
Mortgage Cadence Document Center © 8855 08/14

Form 3179 1/01 (rev. 4/14)
(page 4 of 5)

**Rushmore Loan Management Services LLC**

By: _____ (Seal) - Lender
Name: _____Tim Lightfoot_____
Title: _____Vice President_____

___APR 3 0 2020_____
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

State of _____

                                                SS:
County of _____

I CERTIFY that on _____

_____

Personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached instrument;
(b) was authorized to and did execute this instrument as _____

of _____ the entity named in this instrument; and
(c) executed this instrument as the act of the entity named in this instrument.

_____
(Print name and title below signature)

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - New Jersey         Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center  © 8855 08/14                                                              (page 5 of 5)

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: 7602127367

FHA/VA Case Number:

Borrower(s):   LINDA OKORO and ALPHONS OKORO

Property Address:   11 PILGRIM COURT, BLOOMFIELD, NJ 07003

Servicer:   Rushmore Loan Management Services LLC

The undersigned Borrower(s) for and in consideration of the above-referenced Servicer modifying the terms of your mortgage loan, agrees that if requested by your Servicer, to fully cooperate and adjust for clerical errors, any or all loan modification documentation deemed necessary or desirable in the reasonable discretion of Servicer to enable Servicer to sell, convey, seek guaranty or market said loan to any entity, including but not limited to an investor, Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, Department of Housing and Urban Development, or the Department of Veterans Affairs, or any Municipal Bonding Authority.

I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

The undersigned Borrower(s) agree(s) to comply with all above noted requests by the above-referenced Servicer within 15 days from date of mailing of said requests. Borrower(s) agree(s) to assume all costs including, by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to comply with correction requests in the above noted time period.

The undersigned Borrower(s) do hereby so agree and covenant in order to assure that this loan modification documentation executed this date will conform and be acceptable in the marketplace in the instance of transfer, sale or conveyance by Servicer of its interest in and to said loan modification documentation, and to assure marketable title in the said Borrower(s).

DATED this 5th day of February, 2020.

_____ (Seal)
**LINDA OKORO** -Borrower

_____ (Seal)
**ALPHONS OKORO** -Borrower



Mortgage Cadence Document Center © 9572 08/13

Errors and Omissions/Compliance Agreement

Loan No: 7602127367

# BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT

**LINDA OKORO AND ALPHONS OKORO**
**11 PILGRIM COURT**
**BLOOMFIELD NJ 07003**

THIS BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT (the "Balloon Addendum") is made this **5th day of February, 2020**, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement (the "Modification Agreement" together, the "Agreements") entered into by the undersigned ("Borrower"), in favor of Owner, by and through **Rushmore Loan Management Services LLC**, as current servicer and agent for owner ("Lender"). The Agreements amend and supplement (1) the Mortgage, Deed of Trust or Security Deed and any applicable Riders (the "Security Agreement"), and (2) the Note bearing the same date as, and secured by, the Security Agreement.

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Modification Agreement, Borrower and Lender further covenant and agree as follows:

1. In an effort to assist the borrower in meeting their monthly obligations and upon execution of the Agreements, Lender agrees to immediately forgive an amount equal to **$412,677.65** (the "Forgiven Amount").

2. In addition, Lender will agree to defer payment in the amount of **$0.00** (the "Balloon Amount"), which will be due and payable on the earliest of (a) the date the borrower sells or transfers an interest in the property, (b) the date the borrower pays the entire Interest Bearing Principal Balance, or (c) the maturity date of **March 1, 2043**. Lender will not charge interest on this Balloon Amount.

3. The payment of Principal and Interest listed in Paragraph 2 of the Modification Agreement is the payment necessary to amortize **$380,000.00**, which is the portion of the Unpaid Principal Balance not affected by the adjustments described in Paragraphs 1 and 2 of this Balloon Addendum.

The Agreements only modify the Security Agreement and Note in regard to the provisions addressed. All other terms and conditions of the Security Agreement and Note remain in full force and effect.

This transaction may include debt forgiveness. In some cases, debt forgiveness may be taxed as income. Please consult a tax advisor regarding any tax implications you may have due to this transaction.

BY SIGNING BELOW, Lender and Borrower accept and agree to the terms and provisions contained in this Balloon Addendum.

_____(Seal)
**LINDA OKORO –Borrower**

_____(Seal)
**ALPHONS OKORO –Borrower**

Rushmore Loan Management Services LLC
By: _____(Seal) - Lender
Name: Tim Lightfoot
Title: Vice President
, APR 3 0 2020

Date of Lender's Signature

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**PAUL GAUER ATTORNEY**<br>**347 FRANKLIN STREET**<br>**BLOOMFIELD, NJ 07003**<br>**(973) 743-7050**<br><br>In Re:<br><br>Alphons N. Okoro | Case No.: 18-19823<br><br>Chapter: 13<br><br>Judge: JKS |

**ORDER ON MOTION FOR AUTHORIZATION**
**TO ENTER INTO FINAL LOAN MODIFICATION AGREEMENT**
**(CHAPTER 13)**

The relief set forth on the following page is **ORDERED**.

The Court having reviewed the Motion for Authorization to Enter into Final Loan Modification Agreement filed on _____ 2020, as to the ___first___ mortgage *[enter first, second, third, etc.]* concerning real property located at 11 Pilgrim Court, Bloomfield, NJ 07003 and the Court having considered any objections filed to such motion, it is hereby ORDERED that:

☒ The debtor is authorized to enter into the final loan modification agreement.

1) The loan modification must be fully executed no later than 14 days from the date of this order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve on the debtor, debtor's attorney, if any, and the standing trustee a Certification indicating why the agreement was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and

2) Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the Loan Modification Agreement; and

3) Unless the debtor's Plan has been confirmed with 100% paid to unsecured creditors, the debtor must file a *Modified Chapter 13 Plan and Motions* within 14 days of consummation of the loan modification. If the loan modification results in material changes in the debtor's expenses, the debtor must also file amended Schedules I and J within 14 days of the date of this Order; and

4) Check one:

☒ There is no order requiring the debtor to cure post-petition arrears through the Plan; or

☐ Post-petition arrears are capitalized into the loan modification agreement, and the Order filed on _____ requiring the Standing Trustee to make payments based on the arrearage is vacated as of the date of this order; or

☐ Post-petition arrears have not been capitalized into the loan modification agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed on _____; and

5) If fees and costs related to loss mitigation/loan modification are sought by the debtor's attorney, an Application for Compensation in compliance with D.N.J. LBR 2016-1 must be filed.

☐ The Motion for Authorization to Enter into Final Loan Modification Agreement is denied.

*new.12/17/19*

```
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
```

Caption in Compliance with D.N.J. LBR 9004-1(b)

**PAUL GAUER ATTORNEY**
**347 FRANKLIN STREET**
**BLOOMFIELD, NJ 07003**
(973) 743-7050

Case No.: 18-19823

Chapter: 13

In Re:

Alphons N Okoro

Adv. No.:

Hearing Date:

Judge: JKS

## CERTIFICATION OF SERVICE

1. I, Paul Gauer :

   ☒ represent Debtor in this matter.

   ☐ am the secretary/paralegal for _____, who represents _____ in this matter.

   ☐ am the _____ in this case and am representing myself.

2. On July 27, 2020, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.
   Notice of Motion to Approve Mortgage Modification
   No Brief Statement
   Certification Supporting
   Proposed Order

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: 7/27/2020

Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Marie Ann Greenberg, Trustee<br>30 Two Bridges Rd, Ste 330<br>Fairfield, NJ 07004 | Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other ecf<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| MTGLQ Investors, L.P.<br>Selene Finance, L.P.<br>9990 Richmond Ave Suite 400<br>South Houston, TX 77242 | Mortgagee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Department Stores National Bank<br>c/o Quantum3 Group LLC<br>PO Box 657<br>Kirkland, WA 98083-0657 | Unsecured creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| ECMC<br>PO Box 16408<br>St. Paul, MN 55116 | Unsecured creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| US Dept. of Education<br>PO Box 16448<br>St. Paul, MN 55116-0448 | Unsecured creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Township of Bloomfield<br>1 Municipal Plaza<br>Bloomfield, NJ 07003 | Tax Creditor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| KML Law Group PC<br>Sentry Office Plaza<br>216 Haddon Avenue Ste 206<br>Westmont, NJ 08108 | Attorney for Mortgagee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other ecf<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| RAS Citron, LLC<br>130 Clinton Road<br>Ste Lobby B, Ste 202<br>Fairfield, NJ 07044 | Local Attorney for Mortgagee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other ecf<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Pluese, Becker + Saltzman, LLC<br>20000 Horizon Way Suite 900<br>Mt. Laurel, NJ 08054-4318 | Attorney for Mortgagee's Servicer | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other ecf<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
|  |  | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

*rev.8/1/16*

3